IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSE R. SLEDGE, 531827 ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 3:10-CV-1676-P | |
| ) | | |
| BOARD OF PARDONS AND PAROLES, ) | | |
| Defendant. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Parties: At the time he filed this complaint, Petitioner resided in a half-way house. Defendant is the Board of Pardons and Paroles. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: Plaintiff claims Defendant has unlawfully extended his sentence because Defendant did not grant Plaintiff time credit for the time he spent on parole. Plaintiff also claims Defendant has unlawfully prevented him from attending church and has forced him to pay fees for parole and a counseling class. Plaintiff seeks money damages, release from electronic monitoring and other conditions of supervision, and a Court order that the maximum release date on his sentence is the year 2014.

Screening: The Court has permitted Plaintiff to proceed *in forma pauperis* (IFP). His complaint is therefore subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b). *See also* 28 U.S.C. § 1915(e)(2)(B).

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Discussion:

A.   Time Credit

Plaintiff was sentenced to a twenty-five year sentence beginning in 1989 for a burglary conviction. *Sledge v. Thaler*, 3:10-CV-456-P (N.D. Tex.). When he was released on parole in 1992, his sentence discharge date was October 19, 2014, which was twenty-five years after his sentence began. *Id*. Plaintiff did not receive credit for the eight years and two days he was on parole. His sentence discharge date is therefore October 20, 2022. *Id*. This discharge date

reflects that Plaintiff is being required to serve the remaining twelve years of his sentence. His sentence has not been increased and this claim should be denied.

To the extent Plaintiff is complaining that he did not receive credit for the time he spent on parole, Texas law at the time he was returned to custody for the parole violation provided that he would not be entitled to street credit if the remaining time on his sentence was greater than the eight years he spent on parole. *See* TEX. GOV'T CODE Ann. § 508.283(c) (Vernon 1997). The Fifth Circuit has declined to hold that there is any federal constitutional right to street time for a parole violator. *See Morrison v. Johnson*, 106 F.3d 127, 129 n.1 (5th Cir. 1997); *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). Plaintiff's claim regarding street time should be denied.

B. Conditions of Release

On July 31, 2009, Plaintiff was released to mandatory supervision. *Sledge v. Thaler*, 3:10-CV-456-P at Resp. Ex. B. Because of a previous sexual offense, Plaintiff was placed on electronic monitoring and required to participate in sex offender counseling. Plaintiff argues Respondent has violated his civil rights by imposing these conditions because these conditions prevent him from attending church.

The Parole Board, however, is absolutely immune from damages under § 1983 for imposing conditions of supervision. *See Woods v. Chapman*, 239 Appx. 35, 37 (5th Cir. 2007) (citing *Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003) and *Hulsey v. Owens*, 63 F.3d 354, 356-57 (5th Cir. 1995)). Plaintiff's claims for damages on this issue should therefore be denied.

In addition to money damages, Plaintiff seeks release from electronic monitoring, fees, and sex offender conditions. To the extent Plaintiff seeks earlier release from his sentence, his

claims are not cognizable in a § 1983 petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures). Further, Plaintiff has not shown that his conditions of release violate any federal or constitutional rights. Plaintiff does not contest that he was previously convicted of a sex offense. As such, he has not shown a liberty or due process interest that was infringed when Respondent imposed sex offender conditions on his release. *See Jennings v. Owens*, 602 F.3d 652, 659 (5th Cir. 2010). Plaintiff's claims should be denied.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice as frivolous. *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

Signed this 5th day of January, 2010.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).